**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRCT OF KANSAS**

**GAYANNE HAMILTON**
**2107 Condolea Circle**
**Leawood, KS 66209**

**Plaintiff,**

v.

**DAVOL, INC.**
a Delaware corporation,

Serve: Registered Agent
CT Corporation System
10 Weybosset Street
Providence, RI 02903

and

**C.R. BARD, INC.**
a New Jersey corporation,

Serve: Registered Agent
The Corporation Company, Inc.
515 S. Kansas Avenue
Topeka, KS 66603

**Defendants.**

**Case No.** 08-CV-2160 CM/KGS
**Div. No.** ______
**Pursuant to Chapter 60**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Plaintiff, for her causes of action against the Defendants herein, state:

**Nature of the Case**

1. In her Petition, Plaintiff seeks a judgment against the defendants C.R. Bard, Inc ("Bard") and Davol, Inc. ("Davol") for compensatory damages caused by the defendants' negligent design, testing, formulation, manufacture, marketing and selling of the defective hernia repair patch as well as for breach of warranty and for violations of

the Kansas Unfair Trade and Consumer Protection.

**Jurisdiction and Venue**

2. At all times of the acts of defendants complained of, plaintiff Gayanne Hamilton was an individual over the age of 21 years residing in Johnson County, Kansas.

3. Defendant, DAVOL INC. ("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix Kugel Mesh Patches ("Kugel Patch") at 100 Scokanosset Crossroad, Cranston Rhode Island. DAVOL has a registered-agent in Rhode-Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. DAVOL focuses its business on products in surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

4. Defendant, C.R. Bard Inc. ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of Kugel Patch. BARD at all times relevant did substantial and continuous business in the State of Rhode Island. Defendants identified in Paragraphs 3-4 are hereinafter referred to as "Defedants."

5. Whenever reference in this Petition is made to any act or transaction by Defendants Davol or Bard such allegation shall be deemed to mean that the principals, officers, directors, employees, agents and/or representatives of such Defendant committed, knew of, performed, authorized, ratified and/or directed such act or transaction on behalf of such Defendant while actively engaged in the scope of their duties.

6. This Court has jurisdiction over this action by virtue of 28 U.S.C. §1332,

because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs and because there is a complete diversity of citizenship between plaintiff and each defendant.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) by virtue of the fact that Davol and Bard's products were sold to and consumed by plaintiff in the Stated of Kansas and also because the defendants' action and the facts giving rise to the claims set forth herein occurred in the State of Kansas, subjecting defendants to personal jurisdiction in this action and making it a "resident" of this judicial district.

## GENERAL ALLEGATIONS REGARDING KUGEL MESH PATCHES

8. The Kugel Mesh line of products was first manufactured by Surgical Sense, Inc., starting in or around 1996. In January of 2000, Bard acquired the Kugel line of hernia repair products from Surgical Sense, Inc. Shortly thereafter, in 2001, Bard introduced the Composix Kugel Mesh Patch through its subsidiary, Davol.

9. The Composix Kugel Mesh Patch, invented by Dr. Robert D. Kugel, is a polypropylene mesh prosthetic device developed to repair ventral hernias, or hernias of the abdominal region. The Composix Kugel Mesh Patch is inserted behind the hernia defect in the abdomen through a small incision. In order to fit through the small incision of mesh is folded in half. Once inside the abdomen the mesh re-deploys as a result of a hard "memory recoil ring" (or "PET coil ring") that surrounds the mesh.

10. Due to defects in the design and manufacturing of the Composix Kugel Mesh Patch, the "memory recoil ring" that opens the patch can break under the stress of placement of the product in the intra-abdominal space. Once the memory recoil ring has broken, it can later come loose and cause serious injuries as it travels through the body.

These injuries include: intestinal perforations; ring migration through the abdominal wall; abscesses; bowel obstruction and sepsis; and chronic intestinal fistulae (abnormal connections or passageways between the intestines and other organs). In addition,Due to defects in the design and manufacturing of the Composix Kugel Mesh Patch, the Kugel Mesh increases the risk of inflammatory response resulting in migration, contraction and breakage.

11. The Composix Kugel Mesh Patches present and constitute an unreasonable risk of danger and injury in the following respects:

a. The memory recoil ring of the Composix Kugel Mesh Patch is likely to malfunction after being implanted;

b. The Composix Kugel Mesh Patch was not properly manufactured;

c. The Composix Kugel Mesh Patch was defectively designed;

d. The Composix Kugel Mesh Patch did not perform as safely as an ordinary consumer/patient would expect;

e. The Composix Kugel Mesh Patch was inadequate or insufficient to maintain its integrity during normal use after implantation in the consumer/patient; and

f. Such further and additional defects as discovery and the evidence reveal.

12. As a result of this dangerous and defective condition, and the numerous serious injuries that have resulted, the FDA issued Class 1 recalls of the X-Large Oval, Large Oval and Large Circle varieties of the Composix Kugel Mesh Patch. A Class 1 recall is the highest level of recall available to the FDA. It is issued when the FDA believes a medical product is dangerous or defective and predictably could cause serious health problems or death.

13. On December 22, 2005 and January 13, 2006, Davol and Bard announced the recall of the Composix Kugel Mesh X-Large Patch. Subsequently, in March of 2006, the Defendants announced the recall of the Composix Kugel Mesh Large Patch as well.

14. Under these FDA recalls, the following products were subject to recall:

| | | | |
|---|---|---|---|
| PC#0010206 | Bard Composix Kugel | Extra Large Oval | 8.7" x 10.7" |
| PC#0010207 | Bard Composix Kugel | Extra Large Oval | 10.8" x 13.7" |
| PC#0010208 | Bard Composix Kugel | Extra Large Oval | 7.7" x 9.7" |
| PC#0010209 | Bard Composix Kugel | Large Oval | 6.3" x 12.3" |
| PC#0010202 | Bard Composix Kugel | Large Oval | 5.4" x 7" |
| PC#0010204 | Bard Composix Kugel | Large Circle | 4.5" |

15. At all times herein mentioned, Defendants knew, or in the exercise of reasonable care should have known, that the aforesaid products were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied prepared and/or provided with proper warnings, were not suitable for the purpose they were intended and were unreasonably likely to injure the products' users.

16. Defendants' Composix Kugel Mesh Patches are uniformly defective because they possess the same potential for breakage or malfunction of the memory recoil ring and, as a result, are subject to risk of resulting injury.

**PLAINTIFF GAYANNE HAMILTON'S COURSE OF TREATMENT**

17. Plaintiff Gayanne Hamilton developed abdominal pain and was diagnosed with a ventral hernia.

18. Plaintiff Gayanne Hamilton was admitted to Saint Luke's South Hospital

and on August 11, 2005 Dr. Thomas Hitchcock performed a hernia repair using a large oval Kugel Patch Product #10208 Lot #43CPD363.

19. Subsequent to the August 11, 2005 surgery the hernia repair patch Dr. Hitchcock used was recalled by the FDA and defendants Davol and/or Bard because such product was unsafe and defective.

20. Plaintiff Gayanne Hamilton has developed pain at the site of the Kugel patch which has become more and more problematic. However, Plaintiff Gayanne Hamilton has multiple schlerosis and is confined to a wheelchair causing her physicians to believe that removal of the patch is not advisable at this time.

**Plaintiff Gayanne Hamilton's Damages**

21. As a direct and proximate result of the negligent and defective design, manufacture, processing, distribution, marketing, sale, unfair and deceptive acts, supply, use, and breach of warranty by the defendants of the Kugel Patch in a defective condition unreasonably dangerous for it's reasonably anticipated uses and as a direct and proximate result of the carelessness, negligence, complete indifference to and/or conscious disregard for the safety of others by the defendants, as hereinafter more specifically pleaded, plaintiff Gayanne Hamilton has suffered the following injuries and damages: pain, mental anguish, inconvenience, physical impairment, disfigurement, loss of capacity to enjoy life in the past, and will suffer pain, mental anguish, inconvenience, physical impairment, disfigurement, loss of capacity to enjoy life in the future; she has incurred medical expenses in the past and will incur medical expenses in the future, the exact amount of which is unknown at this time; she has incurred lost earnings and will incur lost earnings in the future, the exact amount of which is unknown at this time; and the

injuries to the Plaintiff Gayanne Hamilton are permanent and progressive all to the damage of Plaintiff Gayanne Hamilton in excess of $75,000.

**COUNT I**

**Strict Liability in Tort – Product Defect Against All Defendants**

22. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

23. At all times relevant herein, Defendants designed, manufactured, labeled, packaged, advertised, marketed, distributed and/or sold the Composix Kugel Mesh Patch to distributors, physicians, hospitals and medical practitioners throughout the United States, including the State of Missouri.

24. At all times relevant herein, Defendants intended for their Composix Kugel Mesh Patch to be surgically implanted into members of the general public, including Plaintiffs, and knew or should have known that the product would be surgically implanted into members of the general public, including Plaintiff.

25. The implantation of the Composix Kugel Mesh Patch into Plaintiffs was reasonably foreseeable and was used in the manner for which it was intended by Defendants Davol and Bard.

26. At all relevant times hereto;

a. Defendants were situated in the chain of commerce and transferred, sold, marketed, advertised or distributed the Composix Kugel Mesh Patch in the course of its regular business;

b. The Composix Kugel Mesh Patch was used by Plaintiffs and her doctors in a manner reasonably anticipated and foreseeable and in the manner for which it was intended; and

c. The Composix Kugel Mesh Patch implanted in plaintiffs was in the same, or substantially the same, defective and unreasonably

dangerous condition when put to its reasonably anticipated and foreseeable use.

27. The Composix Kugel Mesh Patch was defective and unreasonably dangerous when put to a reasonably anticipated and foreseeable use in that:

a. The memory recoil ring of the Composix Kugel Mesh Patch malfunctioned after being implemented;

b. The Composix Kugel Mesh Patch was not properly manufactured;

c. The Composix Kugel Mesh Patch was defectively designed;

d. The Composix Kugel Mesh Patch did not perform as safely as an ordinary consumer/patient would expect;

e. The Composix Kugel Mesh Patch was inadequate or insufficient to maintain its integrity during normal use after implementation in the consumer/patient;

f. Defendants failed to properly and adequately warn of (a) through (e) above; and

g. Such further and additional defects as discovery and the evidence reveal.

28. The aforementioned defects, dangerous conditions and lack of warnings existed when the Composix Kugel Mesh Patch was designed, manufactured, labeled, packaged, advertised, marketed, distributed and/or sold by Defendants. At the time Plaintiffs underwent implantation of the product, it was being used in a manner reasonably anticipated and was in the same condition as when designed, manufactured, labeled, packaged, advertised, marketed, distributed and/or sold by Defendants.

29. As a direct and proximate result of Defendants' above-described wrongful conduct and negligence, Plaintiffs have suffered injuries and damages as herein pleaded.

30. The conduct of Defendants as described above in continuing to market, promote, sell and distribute the Composix Kugel Mesh Patch after obtaining actual

knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiff Gayanne Hamilton prays for judgment in Count I against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

**COUNT II**

**Strict Liability in Tort - Failure to Warn Against All Defendants**

31. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

32. Defendant Davol designed, manufactured, processed, distributed, marketed, sold and/or supplied the Kugel Patch without adequate instructions on safe use to reduce and/or eliminate the risks associated with the insertion and implantation thereof.

33. As a result of Defendants' failure to adequately instruct and warn of the dangerous characteristics of the products, said products were defective and unreasonably dangerous when put to the use reasonably anticipated by Defendants.

34. As a direct and proximate result of the dangerous and defective condition of Defendants' products and/or Defendants' failure to warn of the dangers thereof, Plaintiffs suffered the injuries and damages as herein pleaded.

35. At the time of Defendants' design, manufacture, processing, distribution, sale and/or use of the products, Defendants knew of the dangerous condition of said product and thereby showed complete indifference to and/or conscious disregard for the safety of others. Defendants' conduct which caused this damage was willful, wanton, and/or in reckless disregard for the rights of Plaintiffs and punitive and exemplary damages should be assessed against Defendants.

36. At the time of their design, manufacture, processing, distribution, marketing, sale, supply and/or use of the subject Kugel Patch Defendants Davol and Bard knew of the dangerous condition of said products and thereby showed complete indifference to and/or conscious disregard for the safety of others. Defendants' conduct which caused this damage was willful, wanton, and/or in reckless disregard for the rights of Plaintiffs and punitive and exemplary damages should be assessed against Defendants.

37. As a result of the negligent and reckless acts of defendants, plaintiff Gayanne Hamilton suffered from physical pain, mental and emotional distress, inconvenience, disfigurement, physical impairment, loss of capacity to enjoy life, and/or loss of sleep. In addition, Gayanne Hamilton was required to expend money for medical treatment, medication, medical monitoring and/or medical devices.

WHEREFORE, Plaintiff Gayanne Hamilton prays for judgment in Count II against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

**COUNT III**

**Negligence Against All Defendants**

38. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

39. At all times relevant herein, Defendants had a duty to exercise reasonable care in the design, manufacture, labeling, testing, distributing, advertising, marketing, promoting, warning and/or sale of the Composix Kugel Mesh Patches into the stream of commerce, including a duty to ensure that the product did not cause users to suffer from reasonably foreseeable, dangerous side effects and serious health problems.

40. Defendants failed to exercise ordinary care in the design, manufacture, labeling, testing, distributing, advertising, marketing, promoting, warning and/or sale of the Composix Kugel Mesh Patch into the interstate commerce, and Defendants knew or should have known that the product created a high risk of unreasonable and foreseeable dangerous side effects.

41. Defendants breached their duty to Plaintiff in one or more of the following respects, to-wit:

a. In the designing, manufacturing, labeling, testing, advertising, marketing, promoting, distributing, warning and/or sale of the Composix Kugel Mesh Patch in that it failed to use ordinary care so as to avoid causing serious side effects and risks to individuals receiving the product;

b. In failing to follow U.S. Food & Drug Administration ("FDA") good manufacturing practice by failing to properly investigate manifestations of the Composix Kugel Mesh Patch over the years 2001 to 2006, by failing to adequately document reports of this fact, and by failing to exercise adequate quality control;

c. In failing in their duty to disclose or warn that adequate testing had not been performed which would have shown that use of the Composix Kugel Mesh Patch posed serious potential side effects and failing to fully and accurately warn of the symptoms, scope or severity of the side effects and medical conditions caused by and associated with the Composix Kugel

Mesh Patch;

d. In failing to disclose or warn of increased risk of injury from the use of the Composix Kugel Mesh Patch;

e. In failing to use qualified scientists or medical personnel in the design, manufacture, label, packaging, advertising, marketing, promoting, distributing, warning and/or sale of the Composix Kugel Mesh Patch;

f. In failing to adequately, properly and timely test and inspect the Composix Kugel Mesh Patch to determine whether it was safe and effective;

g. In failing to report the true results of testing for safety and efficacy performed on the Composix Kugel Mesh Patch and refusing to withdraw the product from the U.S. market in a timely fashion in light of the data information from tests, studies, adverse event reports concerning or relating to the product;

h. In failing to ensure that the Composix Kugel Mesh Patch was adequate or sufficient to maintain its integrity during normal use after implementation in the consumer/patient and failing to ensure that the product would perform as safely as an ordinary consumer/patient would expect.

42. Defendants knew or should have known that significant bodily injury was substantially likely to occur as a result of the defective and unreasonably dangerous design and manufacture of the Composix Kugel Mesh Patch products described above.

43. As a direct and proximate result of Defendants' above-described wrongful conduct and negligence, Plaintiffs have suffered from the injuries set forth herein.

44. The conduct of Defendants as described above in continuing to market, promote, sell and distribute the Composix Kugel Mesh Patch after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiff Gayanne Hamilton prays for judgment in Count III

against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

**COUNT IV**

**Breach of Express Warranty Against All Defendants**

45. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

46. The aforementioned manufacturing, design, labeling, testing, distributing, advertising, marketing promoting and selling of the aforesaid products were expressly warranted to be safe for use by plaintiff and other members of the general public.

47. At the time of the making of the express warranties, defendants had knowledge of the purpose for which the aforesaid products were to be used and warranted the same to be, in all respects, fit, safe and effective and proper for such purpose. The aforesaid products were accompanied by warning of their dangerous propensities that were either known or knowable at the time of distribution.

48. Plaintiff and/or her health care providers reasonably relied upon the skill and judgment of defendants, and upon said express warranty, in using the aforesaid products. The warranty and representations were untrue in that the products caused severe injuries to plaintiff and were unsafe and, therefore, unsuited for the use for which they were intended.

49. As a direct and proximate result of the defective and unreasonably dangerous condition of the Kugel Mesh Patch, plaintiff sustained and will continue to

sustain damages in the future, including but not limited to, the following:

a. Medical expenses in the past and future;

b. Permanent physical injury to her body as a whole;

c. Loss of enjoyment of life;

d. Physical and mental pain, suffering and anxiety in the past and future.

50. The conduct of defendants as described above in continuing to market, promote, sell and distribute the Kugel Mesh Patches after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish defendants and to deter defendants and others from like conduct.

WHEREFORE, Plaintiff Gayanne Hamilton prays for judgment in Count IV against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

**COUNT V**

**Breach of Implied Warranty Against All Defendants**

51. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

52. Defendants sold the Composix Kugel Mesh Patch hernia surgical repair products which were implanted into Plaintiffs' bodies. Prior to their implantation, Defendants impliedly warranted to Plaintiffs, and to her physicians and health care

providers, that the products were of merchantable quality and safe for the use for which they were intended.

53. At the time of the sale of the Composix Kugel Mesh Patch hernia surgical repair product, Defendants knew, or should have known, that they were intended to be used for the purpose of surgically inserting them into the body to repair hernias.

54. Plaintiff and/or her health care providers reasonably relied on Defendants' judgment, statements and indications that the Composix Kugel Mesh Patch was fit for such use.

55. When the Composix Kugel Mesh Patch, which was implanted in plaintiffs, was distributed and sold by Defendants, it was unsafe for its intended use, and not of merchantable quality, as warranted by Defendants in that it had very dangerous propensities when put to its intended use and implanted into plaintiffs' bodies and would cause serious injuries to the user.

56. As a direct and proximate result of Defendants' above-described wrongful conduct and negligence, Plaintiff has suffered from severe physical injury, as set forth herein.

57. The conduct of Defendants as described above in continuing to market, promote, sell and distribute the Composix Kugel Mesh Patches after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiff Gayanne Hamilton prays for judgment in Count V

against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

**COUNT VI**

**Violation of the Kansas Unfair Trade and Consumer Protection**

58. Plaintiff realleges and incorporates by reference each and every allegation contained in this Complaint as though fully set forth herein.

59. At all times relevant, Defendants were engaged in the design, manufacturing, assembling, distributing, conveying and/or selling of the all Composix Kugel Mesh Patch in their ordinary course of business. Defendants designed, manufactured, assembled and sold the devices to hospitals and physicians, knowing that they would be thereby sold to patients who needed hernia repair surgery, including Plaintiff.

60. Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, manufacture, promotion and sale of the Composix Kugel Mesh Patch.

61. Defendants omitted, suppressed, and/or concealed material facts concerning the dangers and risks associated with the use of the Composix Kugel Mesh Patch. Further, Defendants purposely downplayed and/or understated the serious nature of the risks associated with Composix Kugel Mesh Patch use in order to increase the sales of the product.

62. Plaintiff was injured by Defendants' deceptive and unfair acts.

63. Had Defendants not engaged in the deceptive conduct described above, Plaintiff would not have purchased and/or paid for the Composix Kugel Mesh Patch, would not have incurred related medical costs and would not continue to incur these costs.

64. Defendants engaged in wrongful conduct while at the same time obtaining, under false pretenses, substantial sums of money from Plaintiff for the Composix Kugel Mesh Patch that plaintiff would not have paid had Defendants not engaged in unfair and deceptive conduct.

65. Defendants engaged in calculated silence despite their knowledge of the growing public acceptance of misinformation and misrepresentation regarding both the safety and efficacy of the use of Composix Kugel Mesh Patch, and did so because the prospect of significant future profits outweighed their concern regarding health and safety issues, all to the significant detriment of Plaintiffs.

66. Defendants had a clear post-manufacturing duty to warn, which arose when they knew, or with reasonable care should have known, that the Composix Kugel Mesh Patch was fatal or injurious.

67. Defendants' actions and representations set forth herein constitute knowing omission, suppression and/or concealment of material facts, made with the intent that others would rely upon such concealment, suppression and/or omission, in connection with the marketing of the Composix Kugel Mesh Patch in violation of the Kansas Unfair Trade and Consumer Protection Act, K.S.A. 50.

68. The conduct of Defendants as described above in continuing to market, promote, sell and distribute the Composix Kugel Mesh Patches after obtaining actual

knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiff Gayanne Hamilton prays for judgment in Count VI against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## COUNT VII

## Negligent Misrepresentation Against All Defendants

69. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

70. Defendants, as manufacturers, designers, marketers, advertisers, and distributors of Kugel Mesh Patches, and as the entities responsible for placing Kugel Mesh Patches into the stream of commerce for consumption, owed a duty to plaintiff and to the general public to use reasonable care to communicate accurate information about Kugel Mesh Patches to plaintiff and to the general public. Specifically, they owed a duty to plaintiff to accurately, fully and truthfully represent the safety and efficacy of Kugel Mesh Patches, as well as the risks and benefits of Kugel Mesh Patches.

71. Defendants made material misrepresentations to the general public and to plaintiff the Kugel Mesh Patches and other hernia repair surgical products that such products had been clinically and laboratory tested, had a long history of safe use and were

proven to be safe.

72. Defendants were negligent in misrepresenting the risks, benefits, safety, and efficacy of Kugel Mesh Patches to plaintiff because they knew or should have known that their representation that Kugel Mesh Patches had a history of safe use, or that it was effective for hernia surgical repairs, were representations which were untrue or had not yet been adequately proven. Defendants were also negligent because they knew or should have known that Kugel Mesh Patches were not proven to be safe and effective as defendants represented to the general public.

73. Defendants intended for plaintiff and the general public to rely on their representations regarding the safety and efficacy of Kugel Mesh Patches and such representations were material to plaintiff's decision to purchase Kugel Mesh Patches.

74. Plaintiff and/or her health care providers relied on defendants' false and misleading representations when purchasing Kugel Mesh Patches, and she and her health care providers acted as reasonably prudent persons would have when relying on defendants' representations. In fact, thousands of people were relying on such representations because defendants were concealing the true facts.

75. As a direct and proximate result of the defective and unreasonably dangerous condition of the Kugel Mesh Patch, plaintiff sustained and will continue to sustain damages in the future, including but not limited to, the following:

a. Medical expenses in the past and future;

b. Permanent physical injury to her body as a whole;

c. Loss of enjoyment of life;

d. Physical and mental pain, suffering and anxiety in the past and future.

76. The conduct of defendants as described above in continuing to market, promote, sell and distribute the Kugel Mesh Patches after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete to or a conscious disregard for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish defendants and to deter defendants and others from like conduct.

WHEREFORE, Plaintiff Gayanne Hamilton prays for judgment in Count VII against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable costs herein expended, punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

## COUNT VIII

## Faudulent Misrepresentation Against All Defendants

77. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows.

78. Defendants made material misrepresentations to the general public, to plaintiff and her health care providers that Kugel Mesh Patches and other hernia repair surgical products had been clinically and laboratory tested, had a long history of safe use and were proven to be safe. Defendants also made false representations about the risks and benefits associated with Kugel Mesh Patches.

79. Defendants intended for plaintiff, her health care providers and/or the general public to rely on their representations regarding the safety and efficacy of Kugel Mesh Patches and such representations were material to plaintiff and/or her health care

providers' decision to purchase Kugel Mesh Patches.

80. Defendants' representations that Kugel Mesh Patches were safe, had a history of safe use and were clinically proven to be safe and effective were false.

81. Defendants knew that such representations were false and misleading or were without information to truly know whether Kugel Mesh Patches were safe and effective because defendants had data and information which showed that Kugel Mesh Patches caused chronic abdominal wall inflammation, intestinal perforations, ring migrations through the abdominal wall, infection, abscesses, bowel perforations, gastrointestinal leaks, bowel obstruction, sepsis, chronic intestinal fistula, pain, overall sickness and damage to internal organs and death, as well as information that Kugel Mesh Patches' efficacy was limited.

82. Plaintiff and/or her health care providers relied on defendants' false and misleading representations when purchasing Kugel Mesh Patches, and they acted as reasonably prudent persons would have when relying on defendants' representation.

83. The conduct of defendants as described above in continuing to market, promoted, sell and distribute the Kugel Mesh Patches after obtaining actual knowledge that the hernia surgical repair products were failing and not performing as represented and intended, showed complete indifference to or a conscious disregarding for the safety of others, justifying an award of additional punitive damages in such sum as would serve to punish defendants and to deter defendants and others from like conduct.

WHEREFORE, Plaintiff Gayanne Hamilton prays for judgment in Count VIII against defendants Davol, Inc. and C.R. Bard, Inc. for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), which is fair and reasonable costs herein expended,

punitive damages to punish and deter any such conduct in the future and such other relief as the Court deems just and proper under the circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL OF ALL ISSUES SO TRIABLE**

**PLAINTIFF DESIGNATES THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS, KANSAS CITY KANSAS AS THE TRIAL SITE**

Respectfully Submitted,

GOZA & HONNOLD, LLC

By:______________________________

Kirk Goza KS #22330
11150 Overbrook Rd., Ste. 250
Leawood KS, 66211
(913) 451-3433
(913) 273-0509
kgoza@gohonlaw.com

ATTORNEYS FOR PLAINTIFFS